Veliu v. Holder

BIA
Straus, IJ
A088 653 909

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand thirteen.

PRESENT:
    RALPH K. WINTER,
    GUIDO CALABRESI,
    PETER W. HALL,
        *Circuit Judges.*

_____

ISMAIL VELIU,
        *Petitioner,*

        v.                                12-778
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Andrew P. Johnson, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Ada E. Bosque,
                       Senior Litigation Counsel; Puneet
                       Cheema, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ismail Veliu, a native and citizen of Macedonia, seeks review of a February 6, 2012, order of the BIA, affirming the October 29, 2009, decision of Immigration Judge ("IJ") Michael W. Straus, which denied Veliu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ismail Veliu*, No. A088 653 909 (B.I.A. Feb. 6, 2012), *aff'g* No. A088 653 909 (Immig. Ct. N.Y. City Oct. 29, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (internal quotations marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Initially, we decline to consider Veliu's challenge to the agency's finding that he failed to submit sufficient corroborating evidence demonstrating that his November 2007 beating was on account of a protected ground, because the agency's alternative determination—that, assuming Veliu had suffered past persecution, circumstances had fundamentally changed such that he no longer had a well-founded fear of persecution based on his Albanian ethnicity or his imputed political opinion—is supported by substantial evidence. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

An alien who demonstrates past persecution benefits from the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. §§ 1208.13(b)(1) (asylum), 1208.16(b)(1)(i) (withholding of removal); *see also Baba v. Holder*, 569 F.3d 79, 86 (2d Cir. 2009); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 105 (2d Cir. 2006). Once past persecution is established, the burden rests firmly with the government to rebut this presumption by showing, by a preponderance of the evidence, either a "fundamental change in circumstances such that the applicant's life or

2

freedom would not be threatened on account of any of the five [protected] grounds . . . upon the applicant's removal [to the country] in question or the reasonable possibility of internal relocation within th[at] country." *Kone v. Holder*, 596 F.3d 141, 147 (2d Cir. 2010) (internal quotation marks omitted) (citing 8 C.F.R. § 1208.16(b)(1)(i)-(ii); 8 C.F.R. § 1208.13(b)(1)(i)-(ii)).

Contrary to Veliu's assertions, the agency reasonably determined that the presumption of a well-founded fear of future persecution stemming from his assumed past persecution was rebutted by evidence of changed country conditions in Macedonia. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). First, the agency reasonably determined that Veliu's father's permanent relocation to Italy constituted fundamentally changed circumstances concerning Veliu's claimed fear of persecution due to his imputed political opinion. *See Kone*, 596 F.3d at 147. Indeed, as the agency noted, Veliu had testified that the police had only sought to harm him as a means of curtailing his father's political activities in Macedonia. Second, the agency reasonably based its fundamental change in circumstances finding on the evidence in the record concerning conditions for ethnic Albanians in Macedonia. *See Xiao Ji Chen*, 471 F.3d at 342. In doing so, the IJ explicitly considered the evidence in the record and noted that, unlike the previously year, the 2008 State Department Country Report reflected no incidents of police violence against ethnic Albanians or politically-motivated disappearances. Although the IJ acknowledged that some of the country conditions evidence reflected tensions between ethnic Albanians and Macedonians, the agency reasonably concluded that this evidence did not demonstrate any pattern or practice of persecution and, instead, reflected a fundamental change in circumstances. While Veliu takes issue with this determination, the task of resolving conflicts in the record evidence lies "largely within the discretion of the agency." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008). Because the agency's conclusion that circumstances have fundamentally changed "is tethered to the evidentiary record, we will accord deference to the finding." *See Siewe v. Gonzales*,

3

480 F.3d 160, 168 (2d Cir. 2007) ("[S]upport for a contrary inference – even one more plausible or more natural – does not suggest error.")

Veliu's contention, in reliance on *Diallo v. INS*, that the agency committed reversible error by failing to make an explicit credibility determination is misplaced. *See* 232 F.3d 279, 290 (2d Cir. 2000). Although we have held that the IJ is required to make an explicit credibility determination in order to ensure that "an alien receives the 'potential benefit' of succeeding on credible testimony alone" and that appellate review is preserved, *see Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quoting *Diallo*, 232 F.3d at 287), here, the IJ explicitly assumed that Veliu was credible and the BIA explicitly presumed that Veliu had testified credibly on appeal. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) ("if no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal"). As a result, the IJ's failure to make an explicit credibly determination did not deny Veliu the "potential benefit of succeeding on credible testimony alone" or frustrate our appellate review. *See Zaman*, 514 F.3d at 237 (internal quotation marks omitted).

Because the agency reasonably determined that Veliu was unable to meet his burden for asylum, he necessarily failed to meet the higher burden required to succeed on his withholding of removal claim. *See Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991). Moreover, because the foregoing changed circumstances analysis also served as the basis for the agency's denial of CAT relief, the agency did not err in finding that Veliu had failed to establish that he would likely be tortured if removed to Macedonia. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending request for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4